THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Case No. 1:25-cv-08741

ADAM COHEN,

    Plaintiff,

v.

POLYVISION CORPORATION,

    Defendant.

## COMPLAINT

Plaintiff Adam Cohen ("Plaintiff") sues defendant Polyvision Corporation ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual who is a citizen of the State of Florida residing in the State of Florida.

2. Defendant is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 10700 Abbotts Bridge Road, Suite 100, Johns Creek, GA 30097. Defendant's agent for service of process is C T Corporation System, 28 Liberty Street, New York, NY 10005.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' wherever that person is amenable to personal jurisdiction." Cavu Releasing, LLC. v. Fries, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005). In other words, "[v]enue is proper in his District because the defendants are subject to personal jurisdiction in this District." Noble v. Crazetees.com, 2015 U.S. Dist. LEXIS 130508, at *9 (S.D.N.Y. July 16, 2015).

## FACTS

### I. Plaintiff's Business and History

6. Plaintiff is a photographer residing in Tallahassee, FL who has spent roughly 15 years of his early career studying and working in Manhattan.

7. Plaintiff shifted his original focus from landscapes into architecture and commercial photography. He has been featured in publications such as *Architecture Record*, *Wig*, etc. His various works can be found on his professional website (at https://www.adamcohenphotography.com/).

### II. The Work at Issue in this Lawsuit

#### A. The First Photograph

8. Plaintiff created a professional photograph of the Dogwood Building elevator bank at Tallahassee Memorial Hospital titled "MDC-GS_TMH_atrium_no9" (the "First Photograph"). A copy of the First Photograph is displayed below:



**B.     The Second Photograph**

9.     Plaintiff created a professional photograph of the Tallahassee Memorial Hospital lobby titled "MDC-GS_TMH_atrium_no2" (the "Second Photograph").  A copy of the Second Photograph is displayed below:



10.     The First Photograph and Second Photograph are collectively referred to herein as the "Work."

11. The Work was registered by Plaintiff with the Register of Copyrights on July 22, 2019 and was assigned Registration No. VAu 1-365-039. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

12. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III. Defendant's Unlawful Activities

13. Defendant operates a business manufacturing CeramicSteel surfaces for use in multiple applications, including education, commercial markets, and architecture and infrastructure.

14. In July 2019, Plaintiff granted Defendant limited rights to use the Work, as outlined in an invoice (the "Invoice"). A copy of the Invoice is attached hereto as **Exhibit "B"**. The Invoice specifically provides: "© Adam Cohen 2019 permission granted to PolyVision Corporation in both print and digital form for the advertising, promotion, and publicity of PolyVision Corporation. NO RESALE RIGHTS GRANTED. NO UNAUTHORIZED DISTRIBUTION to any entity outside of the above mentioned usage."

15. In October 2019, Plaintiff further granted Defendant a material release for the Work (the "Release"). A copy of the Release is attached hereto as **Exhibit "C"**. In the Release, Plaintiff granted to Defendant "the right to edit, use, publish, broadcast or otherwise disseminate (hereinafter "use") the [Work], for the purposes of *promoting PolyVision and its products* worldwide" (emphasis added).

16. Subsequent to the execution of the Release, Defendant never approached Plaintiff to request sub-licensing and/or any other transmission of the Work to any third-party.

17. Upon information and belief, Defendant provided the Work to Gordon Sales, Inc.

("Gordon") in connection with the sale of Gordon's products and/or services. Such provision is in violation of the above-referenced terms of the Invoice and Release.

18.   Gordon operates as a manufacturer of architectural metal products for interior and exterior applications.

19.   Gordon advertises/markets its business primarily through its website (https://www.gordon-inc.com/) and social media (e.g., https://www.facebook.com/gordoninc/, https://www.instagram.com/gordonincorporated/) and other forms of advertising.

20.   On a date after the above-referenced copyright registration of the Work, Gordon displayed and/or published a copy of the First Photograph on its website in connection with its Tallahassee Memorial Hospital project as a means of advertising, promoting, and/or marketing its own business (at https://www.gordon-inc.com/project/tallahassee-memorial-hospital/ and https://www.gordon-inc.com/projects/markets/healthcare/):





21. On a date after the above-referenced copyright registration of the Work, Gordon displayed and/or published a copy of the Second Photograph on its website in connection with its Tallahassee Memorial Hospital project as a means of advertising, promoting, and/or marketing its own business (at https://www.gordon-inc.com/project/tallahassee-memorial-hospital/):



22. True and correct copies of the screenshots from Gordon's website, webpage, and/or social media, displaying the copyrighted Work, are attached hereto as **Exhibit "D."**

23. Gordon is not and has never been licensed to use or display the Work. Neither Defendant, nor Gordon ever contacted Plaintiff to seek permission to use the Work in connection with Gordon's website, webpage, and/or social media or for any other purpose.

24. Upon information and belief, Defendant reproduced and distributed copies of the

Work to Gordon, who then utilized the Work for commercial use – namely, in connection with the marketing of Gordon's business, which is outside the scope of the Invoice and Release.

25. Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Gordon's unauthorized use/display of the Work in August 2023. Following Plaintiff's discovery, Plaintiff notified Gordon in writing of such unauthorized use. Defendant (through counsel) then informed Plaintiff that the Work was provided/distributed by Defendant.

26. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

27. Plaintiff re-alleges and incorporates paragraphs 1 through 26 as set forth above.

28. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

29. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

30. Defendant had access to the Work prior to its own reproduction and distribution of the Work to a third-party seller of its products.

31. Defendant reproduced and distributed the Work without authorization from Plaintiff.

32. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing and distributing the Work for its own commercial purposes.

33. Alternatively, to the extent Defendant did not directly infringe Plaintiff's rights in the Work, Defendant is liable for contributory infringement.

34. "The Copyright Act does not specifically provide for such extended liability, instead describing only the party who actually engages in infringing conduct - the one who directly violates the prohibitions. Yet under general principles of law, vicarious liability or contributory liability may be imposed." CoStar Grp., Inc. v. LoopNet, Inc., 373 F.3d 544, 549-550 (4th Cir. 2004). "A defendant can also be found contributorily liable for copyright infringement." Jalbert v. Grautski, 554 F. Supp. 2d 57, 68 (D. Mass. 2008).

35. "Specifically, a party 'who, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another, may be held liable as a "contributory" infringer.'" Id. (quoting Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159, 1162 (2d Cir. 1971)). "The Supreme Court has stated that contributory liability 'may be predicated on actively encouraging (or inducing) infringement through specific acts . . . .'" Id. (quoting Metro-Goldwyn-Mayer Studios, Inc., v. Grokster, Ltd., 545 U.S. 913, 942 (2005)). "Although the defendant must have knowledge of the infringing activity, 'the defendant need only have known of the direct infringer's activities, and need not have reached the legal conclusion that those activities infringed a copyrighted work.'" Id. (quoting Paul Goldstein, GOLDSTEIN ON COPYRIGHT, § 8.1 n. 1 (2005)). "Nor is it necessary that the defendant be aware that the infringing activity violates the copyright laws." Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 489 (1984).

36. As Defendant guides and implements the marketing plans with its third-party seller/distributor, Defendant has the ability to influence and control the infringing acts of its seller/distributor.

37. Thus, assuming Defendant did not directly infringe, Defendant caused or materially contributed to the third-party seller/distributor's infringing activity. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Defendant encouraged its third-party seller/distributor to utilize copyrighted imagery on its website, all while knowing the material was copyright protected.

38. Defendant obtained a direct financial benefit from its own and/or its third-party seller/distributor's infringing activities.

39. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

40. Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

41. Alternatively, and to the extent any such infringement occurred on a date after the above-referenced copyright registration of the Work, at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

42. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and, to the extent any subject infringement occurred on a date after the above-referenced copyright registration of the Work, his attorneys' fees as result of Defendant's conduct.

43. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyright in the Work;

b. A declaration that such infringement is willful;

a. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

c. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505, to the extent applicable;

d. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

f. For such other relief as the Court deems just and proper.

Dated: October 22, 2025.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
christine@copycatlegal.com

By: /s/ Daniel DeSouza
    Daniel DeSouza, Esq.
    Christine Zaffarano, Esq.